By the Court, Bronson, J.
A plea puis darrein continuance, when pleaded at the circuit, cannot be answered there either by replication or demurrer; but must be returned into this court and answered here. And, according to the Fnglish practice, the plaintiff cannot confess the plea at nisi prius, and then go on with what may remain of his cause. But this practice leads to useless expense and delay, without answering any valuable end; and I think we ought not to follow it. Where one of several defendants puts in a plea puis at the circuit, setting up some matter in bar going only to his personal discharge, without affecting the action as against the other de *515 fendants, I see no good reason why the plaintiff should not he at liberty to confess the plea at once, enter a nolle prosequi as to the particular defendant, and proceed to trial against the others. And so where the defendant pleads some matter which goes only to the remedy—as a discharge from imprisonment—the plaintiff may confess the truth of the plea at the circuit, and proceed with the trial. This may be done whether there are several defendants, or only one. Such a plea, when confessed, does not affect the trial or verdict, but only the judgment and execution. So long as nisi prius records were in use, there was a difficulty in point of form in allowing a nolle prosequi as to one defendant at the circuit and then going on against the othei-s ; for the judge was only authorized to try the issue contained in the record. But' that difficulty no longer exists.
The plaintiff should have drawn up the confession of the plea and the nolle prosequi in writing, and served a copy before proceeding to the trial. There is no longer any such thing as pleading ore tenus in courts of record. But this objection was not taken at the circuit, and ought not to prevail now.
The question whether the plaintiff could safely confess the plea and allow Fitzhugh to go without day, or whether he should have replied or demurred to the plea and left Fitzhugh to be acquitted of the action by the verdict of the jury or the judgment of the court, if entitled to it, has not been made; and nothing is therefore decided on that subject.
Motion denied.